IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS MICHAEL FRANCIS, et al., | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO.: WDQ-11-1030 |
| ALLSTATE INSURANCE COMPANY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Thomas Francis and Danielle Francis sued Allstate Insurance Company ("Allstate") for a declaratory judgment. For the following reasons, the Plaintiffs' motion to remand will be denied.

I. Background

Thomas Francis, a Maryland resident, is the son of Danielle Francis, a California resident. Compl. ¶¶ 2-3, 6. Danielle Francis is covered by an Allstate homeowner's insurance policy, which provides liability coverage for damages she is obligated to pay "because of bodily injury or property damage." *Id.* ¶ 6.

In March 2008, the Plaintiffs were sued by Troy Towers in the Circuit Court for Frederick County, Maryland ("the Circuit Court"). *Id.* ¶ 9. Towers alleged that the Plaintiffs had "negligently made false and defamatory statements about him," including that he had sexually abused Thomas Francis and other

students at the Maryland School for the Deaf. *Id.* Towers alleged that "he was negligently placed in a false light and that he sustained bodily injury as a result of the Plaintiffs' alleged acts—*e.g.* impotency." *Id.*

On March 11, 2011, after Allstate "refused . . . to provide a defense for the Plaintiffs in [Towers's] tort suit," the Plaintiffs sued Allstate in the Circuit Court seeking a declaratory judgment that Allstate was obligated to "provide a defense for the Plaintiffs" and "pay or satisfy any judgment" they owed. *Id.* ¶ 10.

That same day, the Plaintiffs' attorney, Edward Brown, emailed Michael Barnes, Esquire, with a copy of the complaint against Allstate. Pls.' Mot., Ex. A. Brown asked Barnes "whether [his] firm ha[d] authority to accept service on behalf of Allstate" for the declaratory judgment action. *Id.* On March 13, 2011, Barnes responded that he likely would not be authorized to accept service for the action because he "would not be representing Allstate in a Maryland action." *Id.* He told Brown that he would check with Allstate and get back to him. *Id.*

On March 14, 2011, Barnes emailed Brown that he "had been authorized to accept service of a valid, file-endorsed summons and complaint." *Id.* Barnes stated that the copy of the complaint attached to Brown's March 11th email did not bear the

Court's docket number or file stamp, so he "assume[d] the action ha[d] yet to be[] filed." *Id*. Brown replied "[w]e are awaiting return of the date-stamped copy of the Complaint from the Clerk's Office." *Id*.

On March 21, 2011, Allstate accepted service of the summons and complaint. Removal Notice ¶ 2. On April 20, 2011, Allstate removed the action to this Court. ECF No. 1. On May 19, 2011, the Plaintiffs moved to remand the case to the Circuit Court.

II. Analysis

The Plaintiffs argue that this case must be remanded because the removal was untimely under 28 U.S.C. § 1446 (b), which provides a 30-day period in which a defendant may remove an action. Pl.'s Mot. 2. The Plaintiffs contend that § 1446 (b)'s 30-day period began running on March 11, 2011, when Barnes was emailed a copy of the complaint, and Allstate "possessed [actual] notice of the filing of the Complaint." *Id*. Allstate argues that removal was timely because the 30 days did not begin until it was formally served with the summons and complaint on May 21, 2011. Def.'s Opp'n 2-5.

Under 28 U.S.C. § 1446 (b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." Although some courts had interpreted

"through service or otherwise" to mean that the 30-day removal period began with receipt of a courtesy copy of the complaint, the Supreme Court has explained that the 30-day period is triggered by formal receipt by service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 352-53 (1999).[1]

Here, the parties do not dispute that Allstate received formal service of process on March 21, 2011. Accordingly, the notice of removal filed on April 20, 2011 was timely under § 1446(b). The Plaintiffs' motion to remand will be denied.

III. Conclusion

For the reasons stated above, the Plaintiffs' motion to remand will be denied.

Date July 15, 2011

William D. Quarles, Jr.
United States District Judge

---

[1] See also *Woodruff v. Hartford Life Grp. Ins. Co.*, 378 F. Supp. 2d 546, 549 (D. Md. 2005)("the trigger for the 30 day period [is] formal receipt by service of process, not actual receipt" such as by "faxing the opposing party a 'courtesy copy'").